**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5059-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANSUMANI KAMARA,

    Defendant-Appellant.

_____

Submitted December 4, 2019 - Decided December 16, 2019

Before Judges Koblitz and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 13-03-0707.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Roberta DiBiase, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Ansumani Kamara, who was born in Liberia, appeals from the February 16, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing following his guilty plea to first degree robbery, N.J.S.A. 2C:15-1(a)(2). Because his counsel may have been ineffective in not explaining the deportation consequences of his August 2014 guilty plea, we reverse and remand for a plenary hearing.

We review a judge's denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). "Post-conviction relief is neither a substitute for direct appeal, R. 3:22-3, nor an opportunity to relitigate cases already decided on the merits, R. 3:22-5." State v. Preciose, 129 N.J. 451, 459 (1992). A defendant raises a cognizable PCR claim if it is based upon a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a). Because all criminal defendants have the constitutional right to the assistance of counsel in their defense, defendants may bring a PCR claim for ineffective assistance of counsel. U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10.

To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was

deficient" and (2) counsel's "errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). Under the second prong, a "reasonable probability [must exist] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 583 (quoting Strickland, 466 U.S. at 694).

In reviewing a PCR petition seeking to set aside a guilty plea, a court will find ineffective assistance of counsel upon the defendant's showing "that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). In other words, defendant must show that not pleading guilty would have been "rational under the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

A-5059-17T4

"[W]hile evidentiary hearings are not required," a PCR judge has the discretion to grant such a hearing. State v. Jones, 219 N.J. 298, 311 (2014). A defendant seeking PCR is entitled to an evidentiary hearing when (1) he or she sets forth a prima facie case of ineffective assistance of counsel; (2) the court determines "there are material issues of disputed fact that cannot be resolved by reference to the existing record"; and (3) the court determines "that an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b). "The judge deciding a PCR claim should conduct an evidentiary hearing when there are disputed issues of material facts related to the defendant's entitlement to PCR, particularly when the dispute regards events and conversations that occur off the record or outside the presence of the judge." State v. Porter, 216 N.J. 343, 354 (2013). In making this determination, the PCR judge must consider the facts in the light most favorable to the defendant. Jones, 219 N.J. at 302.

The United States Supreme Court recognized that "[i]t is our responsibility under the Constitution to ensure that no criminal defendant—whether a citizen or not—is left to the 'mercies of incompetent counsel.'" Padilla, 559 U.S. at 374 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). "It is quintessentially the duty of counsel to provide [his or] her client

with available advice about an issue like deportation." Id. at 371 (quoting Hill v. Lockhart, 474 U.S. 52, 62 (1985)). If a non-citizen is not made of aware of the immigration consequences of a guilty plea, counsel's performance is deficient, and the first prong of Strickland is satisfied. Ibid.

Padilla does not distinguish between "providing affirmative misadvice and providing no advice, reasoning that to limit the holding to affirmative misadvice would absurdly give counsel 'an incentive to remain silent on matters of great importance, even when answers are readily available.'" State v. Gaitan, 209 N.J. 339, 356 (2012) (quoting Padilla, 559 U.S. at 370). "When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Padilla, 559 U.S. at 369. In contrast, "when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear." Ibid.

Defendant claims his lawyer knew he was not a United States citizen but neglected to advise defendant of the immigration consequences of his guilty plea. Defendant says he told his lawyer he had a green card. Also, the pre-sentence report stated he was born in Liberia. Defendant says his counsel should have inquired into the accuracy of the information on the guilty plea

form and explained to him how his right to stay in the United States was impacted by the guilty plea. Defendant argues that a remand for an evidentiary hearing is necessary to investigate whether plea counsel knew defendant was not a United States citizen. We agree.

The plea form was completed by counsel. After reviewing the form, defendant signed it. In response to question 17a on the plea form, which asked whether defendant was a United States citizen, the form indicated "yes." Because the form indicated defendant was a citizen, questions 17b-17f, which inquired into whether defendant understood that pleading guilty may result in his removal from the country and that he was entitled to individualized advice from an immigration attorney, were crossed out. During the plea hearing, defendant testified that the answers on the plea form were "truthful and accurate." The judge did not ask defendant about his immigration status, nor whether he was aware of the immigration consequences of a guilty plea for a noncitizen.

Defendant's pre-sentence report, which was prepared after the plea hearing, revealed that defendant was born in Liberia. At sentencing, when asked by the judge whether the report was accurate, counsel did not bring to

the judge's attention that while the plea form stated defendant was a citizen, the report stated he was born in a foreign country.

At the PCR hearing, defendant first told his PCR counsel that he had informed his plea counsel of his green card. The judge granted defendant thirty days to supplement the record with proof that he had a green card when he pled guilty. When defendant failed to provide the proof within the thirty days, the PCR court denied defendant's petition without an evidentiary hearing. About two months after the judge issued his order, PCR counsel submitted a request to reconsider the denial of defendant's application. The judge noted in his May 2019 letter to PCR counsel that he was in receipt of a photocopy of defendant's green card, but "[s]ince this matter is already on appeal and this [c]ourt has already issued a decision, which in this [c]ourt's opinion disposes of the issues properly, this [c]ourt believes the matter should continue through the appellate process."

Professional norms suggest that plea counsel "should determine a client's citizenship and immigration status." American Bar Association, Criminal Justice Standards for the Defense Function 4-5.5(a) (4th ed. 2015). "Prevailing norms of practice as reflected in American Bar Association

7

standards and the like . . . are guides to determining what is reasonable, but they are only guides." Strickland, 466 U.S. at 688.

Assuming plea counsel was aware that defendant was not a citizen and in fact held a green card, plea counsel's failure to inform defendant that pleading guilty may result in his removal from the country clearly violates Padilla, and was not "within the range of competence demanded of attorneys in criminal cases." Nuñez-Valdéz, 200 N.J. at 139 (quoting DiFrisco, 137 N.J. at 457). It is not unreasonable to believe, as defendant asserted, that had he known of the deportation consequence he would not have pled guilty.

Whether plea counsel was told that defendant was not a citizen is a "material issue[] . . . that cannot be resolved by reference to the existing record." R. 3:22-10(b). In revealing plea counsel's knowledge about defendant's immigration status, defendant did more than make a "bald assertion" that plea counsel was ineffective. See Porter, 216 N.J. at 355 (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). Instead, defendant articulates a specific fact that "demonstrates counsel's alleged substandard performance." See Cummings, 321 N.J. Super. at 170.

A-5059-17T4

A hearing to determine whether plea counsel had sufficient information to trigger an investigation into defendant's citizenship at the time of the guilty plea is necessary.

Reversed and remanded for a plenary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION